NORTHEASTERN PAPER CO., INC., Respondent, *v.*
CONCORD PAPER CO., INC., Appellant.

*Contract — sale — Statute of Frauds — action to recover for breach
of contract to purchase goods — defense that contract failed to state
with reasonable certainty the amount sold.*

*Northeastern Paper Co., Inc.,* v. *Concord Paper Co., Inc.,* 214 App.
Div. 537, affirmed.

(Submitted March 1, 1926; decided March 30, 1926.)

APPEAL from a judgment, entered December 1, 1925,
upon an order of the Appellate Division of the Supreme
Court in the second judicial department, which reversed
an order of the court at a Trial Term setting aside a
verdict in favor of plaintiff and reinstated said verdict.
The action was to recover for an alleged breach of a
contract to purchase merchandise. The writing specified
a sale of " all the paper in rolls now stored at the ware-
house at 405 East 10th street, New York city * * *
as is," and made provision for weighing and for payment.
The defense was that the contract was deficient in that it
failed to state with reasonable certainty the amount of
the merchandise sold.

*William S. Evans* for appellant.

*Walter W. Gross* and *Arthur F. Gotthold* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN,
CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

GEORGE R. HALL, Appellant, *v.* THE BOARD OF EDUCA-
TION OF THE CITY OF NEW YORK, Respondent.

*Contract — New York city — action for breach of building contract —
progress payments.*

*Hall* v. *Board of Education,* 214 App. Div. 705, affirmed.

(Argued March 2, 1926; decided March 30, 1926.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered May 13, 1925, affirming a judgment in favor of
defendant entered upon a dismissal of the complaint by

the court at a Trial Term. The action was to recover for an alleged breach of a building contract in that defendant refused to make certain progress payments as requested by the contractor. The contract was for the completing and finishing in accordance with the original plans and specifications of a school building, the original contract for which had been declared abandoned. The contractor contended that he was entitled to fourteen progress payments as provided in the original contract but defendant argued that nine payments had already been made to the original contractor so that he was only entitled to five.

*M. Carl Levine* for appellant.

*George P. Nicholson, Corporation Counsel (John F. O'Brien* and *Elliot S. Benedict* of counsel), for respondent.

Judgment affirmed, with costs: no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

JAMES F. DALEY, Respondent, *v.* DYER B. TALLEY, Appellant.

*Negligence — malpractice — dentists — action to recover for improper dental treatment.*

*Daley* v. *Talley,* 214 App. Div. 755, affirmed.

(Argued March 2, 1926; decided March 30, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 5, 1925, affirming a judgment in favor of plaintiff entered upon a verdict. The action was for malpractice. The complaint alleged that plaintiff employed the defendant, as a dentist, to extract a certain tooth and the defendant undertook, as such dentist, to extract such tooth with the necessary and proper skill in extracting the same and thereafter caring for the plaintiff's mouth and jaw; that thereupon the defendant extracted said tooth, but did not thereafter properly treat plaintiff's mouth and jaw, or properly wash out the cavity nor properly treat the same and by reason